The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. Upon reconsideration of the evidence, the undersigned reach similar facts and conclusions as those reached by the Deputy Commissioner with some modifications, however. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties in an Amended Pre-Trial Agreement, dated June 22, 1995, as
 STIPULATIONS
1. All parties are properly before the Industrial Commission, are subject to and bound by the provisions of the North Carolina Workers' Compensation Act, that the Industrial Commission has jurisdiction over the parties and of the subject matter, and that an employment relationship existed between plaintiff and defendant-employer.
2. It is stipulated that all parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of the parties.
3. Plaintiff's average weekly wage was $338.21 for 1979, plaintiff's last full year of employment by defendant, which yields a workers' compensation rate of $225.59.
4. Plaintiff has been exposed to asbestos in his employment with defendant, for thirty days inside of seven consecutive months immediately prior to the date of his last injurious exposure.
5. The following exhibits are stipulated into evidence:
(1) Social Security earnings report.
(2) DuPont employment records.
(3) The deposition of Dr. Ted Kunstling.
 (4) The transcript from the previous hearing before former Deputy Commissioner Tamara Nance.
 (5) The Opinion and Award from former Deputy Commissioner Tamara Nance.
 (6) Medical records from DuPont, Eastern Radiology and the Kinston Diagnostic Group.
 **********
Based upon the competent, credible, and convincing evidence adduced at the initial hearing, the undersigned make the following additional
 FINDINGS OF FACT
1. Plaintiff was 74 years old at the time of the initial hearing in June of 1995.
2. Plaintiff was employed by defendant-employer as a machinist craftsman for just under 30 years. Plaintiff went to work for DuPont in 1951, and continued in that employment until March 31, 1980, at which time he took early retirement. Plaintiff has not been employed since taking early retirement.
3. An employment relationship existed between plaintiff and defendant-employer during the above time period. Plaintiff's average weekly wage of $331.21, yields a compensation rate of $225.59.
4. Plaintiff's employment with defendant-employer provided exposure to asbestos materials on a regular basis. Plaintiff's last injurious exposure to asbestos with defendant-employer immediately prior to his last date of employment was March 31, 1980.
5. Plaintiff was diagnosed with asbestos-related lung disease, specifically, bilateral pleural plaques, and was advised of this condition, as a part of defendant's asbestos survey program in August 1990.
6. The claim was filed by plaintiff on Industrial Commission Form 18 on or about May 3, 1991.
7. Plaintiff underwent his Advisory Medical Committee examination by Dr. Ted R. Kunstling on March 9, 1993. Plaintiff had pleural plaque formation, a fibrotic condition involving both lungs due to his occupational asbestos exposure.
8. Plaintiff's bilateral pleural plaque formation is a result of his occupational exposure to asbestos in his employment with defendant.
9. Plaintiff's bilateral pleural plaque formation is a permanent, irreversible injury to his lungs. This plaque formation is scar tissue that causes thickening of the lining of the lungs, making the lining stiffen.
10. Plaintiff's exposure to asbestos in his employment placed him at an increased risk for the development of pleural plaque formation, over the general public not so exposed.
11. Plaintiff is at a greatly increased risk for the development of cancer due to his occupational asbestos exposure, which requires regular monitoring and screening.
12. Plaintiff has asbestos-related pleural plaquing, which is a fibrotic condition of the pleura.
13. Plaintiff, however, does not have "asbestosis".
 **********
Based upon the foregoing findings of fact, the Full Commission find as follows:
 CONCLUSIONS OF LAW
1. Plaintiff was last injuriously exposed to the hazards of asbestos dust while employed by defendant-employer. G.S. § 97-57.
2. Plaintiff has been exposed to the hazards of asbestos dust for as much as thirty days or parts thereof, within seven consecutive calendar months immediately preceding his last exposure. G.S. § 97-57.
3. Plaintiff did file his claim within two years of being notified of the work-relatedness of his condition. G.S. § 97-58.
4. However, plaintiff has not contracted the occupational disease "asbestosis". G.S. § 97-52.
5. On the other hand, while plaintiff does not have "asbestosis", he does suffer from an occupational disease characterized by "bilateral pleural plaque formation", which was caused by his employment exposure and which will require regular monitoring and screening due to the increased risk of cancer from this condition. G.S. § 97-53 (13). Therefore plaintiff is entitled to medical compensation as a result of his condition, including future medical monitoring for prescription medication and other monitoring as needed. G.S. § 97-25.
6. Plaintiff's exposure to asbestosis in his employment placed him at an increased risk for the development of pleural plaque formation, over the general public not so exposed.
G.S. § 97-53 (13).
7. As there is no current reduction in plaintiff's lung functions, and as plaintiff voluntarily retired and was not forced to retire due to a lung related disability, plaintiff is not entitled to any award of permanent partial disability or total disability indemnity payments.
The foregoing stipulations, findings of fact, and conclusions of law engender the following
 *********** AWARD
1. Defendant shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of his contraction of an occupational disease characterized by pleural plaquing, when bills for the same shall have been submitted through defendant to the Industrial Commission.
2. Defendant shall pay the costs of this proceeding.
The case is HEREBY REMOVED from the Full Commission hearing docket.
This the __________ day of ___________________, 1998.
 S/ ________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ __________________ THOMAS J. BOLCH COMMISSIONER
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
JHB/kws